Royal Bank of Canada, Plaintiff and Appellee, *v.* Ramón G. Goyco and Nisí Arabía de Goyco, Defendants and Appellants.

No. 3655. Decided July 22, 1925.

1. Appeal—Brief—Assignment of Errors.—An assignment of errors is an indispensable element of a brief and filing a brief without an assignment of errors is the same as if no brief had been filed.

2. Id.—Id.—Id.—In the absence of an assignment of errors there is no obligation to search the record in order to see whether a fundamental error was committed.

Motion for reconsideration of a judgment rendered on appeal. *Motion sustained,* judgment set aside and the case reopened.

*R. Arjona Siaca* for the appellants. *Alberto S. Poventud* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

On June 8, 1925, we affirmed the judgment in the above entitled case, nominally on the theory that there was no assignment of errors and that no fundamental error appeared. The appellant has filed a motion for a reconsideration.

Rules 42 and 43 provide as follows:

"42. Within ten days after the transcript of record has been filed in this Court, the attorney for the appellant shall file in Court a typewritten or printed brief, in duplicate, which shall contain a true and concise statement of the case, as it appears in the record; also an assignment of errors upon which his appeal is based; and he shall in addition thereto comply with the law of procedure now in force."

"43. The said appellant shall set out each error complained of, as committed in the court below, separately; and errors not assigned, unless fundamental, may be disregarded by the Court in the decision of the case."

Under these rules an assignment of errors is an indispensable constituent of a brief. The filing of a brief without an assignment of errors is tantamount to filing no brief. This we have indicated in numerous decisions, which it is unnecessary to recite.

Where no assignment of errors is filed, the court is in

no way bound to scrutinize the brief or the record to see if any fundamental error has been committed. In the exercise of our discretion we have frequently done so, but there is no obligation on the part of the court to undertake the task that belongs properly to the appellant. It is frequently said that the filing of an assignment of errors in this court is equivalent to the filing of a complaint in the lower court.

However, while still no assignment of errors has been filed, we have read with care the motion for a reconsideration, and as the error sought to be raised is single, and, as a doubt has been raised in our minds, we shall order the reconsideration, giving the appellant the privilege of filing a formal assignment of errors.